UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

YZI DEL CARMEN ROJAS,

                          Plaintiff,

      -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                         Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 6788 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Yzi Del Carmen Rojas brings this action against the Acting Commissioner of Social Security, Nancy A. Berryhill, seeking disability insurance benefits pursuant to Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434, and Supplemental Security Income benefits pursuant to Title XVI of the SSA, 42 U.S.C. §§ 1381–1385. Plaintiff disputes the Social Security Administration and reviewing Administrative Law Judge's ("ALJ") determinations that she is not entitled to benefits despite her ailments.[1] (*See* Am. Compl., ECF No. 9, ¶¶ 1,7.) Plaintiff moves for an order remanding this case for further administrative proceedings pursuant to Federal Rule of Civil Procedure 12(c), (Pl.'s Mot. for Remand for Further Admin. Proceedings, ("Pl.'s Mot. for Remand"), ECF No. 16), and Defendant cross-moves for judgment on the pleadings, (Comm'r's Cross Mot. for Judgment on the Pleadings and in Further Supp. of Pl.'s Mot. for Remand for Further Proceedings, ("Def.'s Cross Mot."), ECF No. 18). Before this Court is Magistrate Judge Debra C. Freeman's January 30, 2019 Report and Recommendation ("Report," ECF No. 22), recommending that Plaintiff's motion for remand be granted and Defendant's cross-motion

---

[1] A more complete procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

1

seeking to affirm the determination be denied (*Id.* at 57.). This Court ADOPTS Magistrate Judge Freeman's Report in full.

## I.     LEGAL STANDARDS

### A. Report and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Because the parties have not filed written objections in this action, this Court reviews the Report for clear error.

### B. Rule 12(c) Judgment on the Pleadings.

A party may move for judgment on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14, 16 (2d Cir. 1995); *see also* Fed. R. Civ. P. 12(c). The standard for addressing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard used in evaluating a motion to dismiss under Rule 12(b)(6). *See, e.g., L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011); *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### C. Review of the ALJ's Decision

In reviewing a denial of social security benefits, a district court must determine whether the decision is "supported by substantial evidence[.]" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citing *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir.1997). Remand to the ALJ is appropriate "[w]hen there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Atkinson v. Barnhart*, 87 F. App'x 766, 768 (2d Cir. 2004) (quoting *Pratts v. Chatter*, 94 F.3d 34, 39 (2d Cir. 1996)).

## II. MAGISTRATE JUDGR FREEMAN'S REPORT

### A. The Administrative Law Judge Did Not Fully Develop The Record.

The Social Security Administration denied Plaintiff's application for Social Security Benefits on June 11, 2014, after which Plaintiff requested a hearing before an ALJ. (Report at 2.) ALJ Kieran McCormack's April 6, 2016 decision found that, despite Plaintiff's physical impairments, "she had the residual functional capacity ('RFC') to perform light work, including her past work as a housekeeper[.]" (*Id.*) Accordingly, because ALJ McCormack determined that Plaintiff had the capacity to perform *some* work, he determined that she was not disabled under the SSA. (*See id.*) However, because ALJ McCormack failed to completely develop the record, Magistrate Judge Freeman correctly determined that he made "errors of law that might have affected the outcome of this case." (*Id.* at 37.) In other words, because the record does not arm this Court with enough facts to make a functional assessment of Plaintiff's physical impairments and disabling symptoms, remand is warranted. (*See id.*)

First, remand is warranted because ALJ McCormack's finding that Plaintiff could have reprised her work as a housekeeper was premature. As Magistrate Judge Freeman states, the record is devoid of an opinion from a treating physician or examiner as to whether Plaintiff would require "a significant number of rest breaks, of a significant duration, during a typical work day." (*Id.* at 39, 53–55.) Magistrate Judge Freeman also accurately found that ALJ McCormack's conclusion that Plaintiff's complaints of her symptoms were not credible "lacked support in the medical record." (*Id.* at 50.) For example, ALJ

3

McCormack first discounted Plaintiff's statements regarding her symptoms because he found that Plaintiff received "conservative treatment" but "did not require hospitalizations." (*Id.* at 51.) This finding is inconsistent with Plaintiff's medical records, however, which indicate that she was hospitalized in July 2013. (*See id.*) Thus, remand is also warranted to enable ALJ McCormack to "correct or clarify his reasons for discounting Plaintiff's statements regarding her nonexertional limitations" and alleged disabling symptoms.[2] (*Id.* at 50.)

### III. CONCLUSION

For the foregoing reasons, Magistrate Judge Freeman's Report is ADOPTED in full. Plaintiff's motion for remand pursuant to Rule 12(c), (ECF No. 16), is GRANTED. Defendant's motion for judgment on the pleadings, (ECF No. 18), is DENIED. The Clerk of Court is directed to close the motions, accordingly.

Dated: March 15, 2019
      New York, New York

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

---

[2] Magistrate Judge Freeman also correctly determined that this case should be remanded to determine whether ALJ McCormack's reliance on "Medical Vocational Guidelines ('Grids')" was appropriate because the Grids may not have been an adequate assessment of Plaintiff's ability to work. (*See* Report at 19–20, 56–57.)

4