UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
YZI DEL CARMEN ROJAS,

                  Plaintiff,

    -against-

ANDREW M. SAUL[1],
Commissioner of Social Security,

                  Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 6788 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

On September 6, 2017, Plaintiff Yzi Del Carmen Rojas commenced this action against Defendant Commissioner of Social Security, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's decision denying Plaintiff disability insurance benefits. (Compl., ECF No. 1.) On March 15, 2019, this Court granted Plaintiff's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and remanded Plaintiff's case to the Social Security Administration for further proceedings. *See Rojas v. Berryhill*, 368 F. Supp. 3d 668, 670 (S.D.N.Y. 2019). After remand, the parties began negotiating attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 25.) While the parties were able to agree in principle to a fee payment, they were unable to execute a proposed stipulation. (*Id.*) On July 1, 2019, Plaintiff filed a motion seeking to reopen the case for the purpose of awarding attorneys' fees under the EAJA. (ECF No. 28.)

---

[1] Andrew M. Saul, having been appointed Commissioner of the Social Security Administration ("SSA"), has been substituted as Defendant in this case for Acting Commissioner Nancy A. Berryhill, under Rule 25(d) of the Federal Rules of Civil Procedure.

Before this Court is Magistrate Judge Debra Freeman's May 1, 2020 Report and Recommendation (the "Report"), recommending that the case be reopened and that Plaintiff's motion for attorneys' fees under the EAJA be granted to the extent that the Defendant is ordered to pay – directly to the Plaintiff – the amount of $7,840.38. (Report, ECF No. 32, at 12.) The Report further recommends that Plaintiff's separate motion for oral argument be denied. (*Id.*) Magistrate Judge Freeman advised the parties that, under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 12–13.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Judge Freeman conducted a thorough and careful inquest on attorneys' fees. (Report at 8–12.) Additionally, after holding a telephone conference and narrowing the issues presented in the case, Magistrate Judge Freeman appropriately denied Plaintiff's request for oral argument. (Report at 1–2, 12.) This Court has reviewed the Report, and finds no error, clear or otherwise. Accordingly, this Court adopts Magistrate Judge Freeman's recommendation to award

attorneys' fees and expenses of $7,840.38 directly to the Plaintiff for the reasons stated in the Report.

Plaintiff's motion for attorneys' fees, (ECF No. 28), is GRANTED. Plaintiff's motion for oral argument, (ECF No. 38), is DENIED. The Clerk of the Court is directed to close the motions accordingly.

Dated: New York, New York
      November 16, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge